UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TECH-SONIC, INC.,**

    **Plaintiff,**

                                                                 Civil Action 2:12-cv-263
    v.                                               Judge Edmund A. Sargus
                                                   Magistrate Judge Elizabeth P. Deavers

**SONICS & MATERIALS, INC.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Transfer Venue to the District of Connecticut. (ECF No. 7.) Plaintiff filed its Opposition to Defendant's Motion on July 2, 2012. (ECF No. 13.) Defendant filed its Reply on July 19, 2012. (ECF No. 17.) For the reasons that follow, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

This diversity action arises out of a contract dispute between Plaintiff, Tech-Sonic, Inc., and Defendant, Sonics & Materials, Inc. Plaintiff is an Ohio corporation with its principal place of business in Columbus, Ohio. Defendant is a Delaware corporation with its principal place of business in Connecticut. Plaintiff alleges that its predecessor, T/S Korea, by and through its sole shareholder and sole director, Mr. Byoung Ou, entered into a sales agreement ("Agreement") with Defendant in February, 2005. T/S Korea was a South Korean corporation that marketed and distributed welding machines in the Asian marketplace. Plaintiff alleges that the Agreement provided T/S Korea with the exclusive right to purchase power supplies and converters from Defendant for use in welding machines. In June, 2005, Mr. Ou caused Plaintiff, Tech-Sonic,

Inc., to be formed. Around that same time, T/S Korea discontinued its operations in South Korea and assigned all of its assets to Plaintiff, including all of its rights under the Agreement. That same month, Plaintiff began issuing purchase orders directly to Defendant from its principal place of business in Ohio.

From June 2005 forward, Defendant routinely shipped its product to Plaintiff in Ohio. Defendant also shipped its product to additional locations worldwide at Plaintiff's direction. In December, 2007, Defendant and Mr. Ou entered into a guaranty agreement ("Guaranty"), under which Mr. Ou personally guaranteed all debts owed to Defendant by Plaintiff. Plaintiff alleges that Defendant breached the Agreement in the Spring of 2009. Specifically, Plaintiff alleges that Defendant sold its power supplies and converters to Kormax, one of Plaintiff's competitors. This alleged breach, according to Plaintiff, caused Plaintiff to lose a significant contract with LG Electronics in South Korea.

On March 26, 2012, Plaintiff filed this action in the Southern District of Ohio alleging various state-law claims arising from the alleged breach of contract. Defendant seeks to transfer this case to the District of Connecticut under 28 U.S.C. § 1404(a). In support of its Motion, Defendant asserts that the public and private factors the Court must analyze under § 1404(a) heavily weigh in favor of transfer. Plaintiff opposes Defendant's Motion, arguing that the balance of the private and public interest factors weigh against transfer.

## II. ANALYSIS

### 1. 28 U.S.C. § 1404(a)

Section 1404(a) provides as follows: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Thus, the threshold

consideration is whether the action could have been brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). If so, "the issue becomes whether transfer is justified under the balance of the language of § 1404." *Id*.

"The moving party bears the burden of showing the need to transfer venue." *Slate Rock Const. Co. Ltd. v. Admiral Ins. Co.*, No. 2:10-cv-1031, 2011 WL 3841691, at *5 (S.D. Ohio Aug. 30, 2011) (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp.2d 941, 945 (S.D. Ohio 2002)). The moving party must demonstrate that the proposed transferee court is "a *more* convenient forum, not [simply] a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); *see also Shanechain v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) ("[Section] 1404 does not allow . . . for transfer if that transfer would only shift the inconvenience from one party to another.").

A district court deciding a § 1404(a) motion "has broad discretion to grant or deny" the requested transfer. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Courts generally consider a variety of private and public factors when considering a motion to transfer to a more convenient forum. *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006). The Court considers the following interests of the litigants:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Slate Rock Construction*, 2011 WL 3841691, at *6 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995)). The Court also considers the following interests of the public:

> [T]he enforceability of the judgment; practical considerations that could make the

trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id*.

### 2. Motion to Transfer Analysis

Plaintiff does not dispute that the District of Connecticut is a proper venue for this action. Thus, the Court must consider and weigh the various private and public factors. For the reasons set forth below, the Court concludes that the balance of the relevant factors weighs in favor of transfer.

#### i. Private Factors

Plaintiff's choice to litigate in its home state of Ohio is generally entitled to substantial deference. *Jamhour*, 211 F. Supp. 2d, at 946. A plaintiff's choice of forum, however, is entitled to less deference when the chosen forum "has no connection with the matter in controversy." *St. Joseph Solutions, LLC v. Microtek Medal, Inc.*, No. 11-cv-388, 2011 WL 5914010, at *7 (S.D. Ohio Nov. 28, 2011) (citation omitted); *see also U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co.*, No. 10-cv-383, 2011 WL 127852, at *2 (N.D. Ohio Jan. 14, 2011) (according less weight to plaintiff's choice of forum where "the vast majority of operative facts giving rise to the lawsuit took place outside of Ohio"); *JFE Steel Corp. v. ICI Americas, Inc.*, No. 06-cv-2386, 2008 WL 4449080, at *1 (N.D. Ohio Sept. 30, 2008) ("Where plaintiff's choice of forum bears no relationship to the case, too much deference or weight given to that choice creates an unnecessary risk of forum shopping."). Here, notwithstanding Plaintiff's assertion that "[a] substantial part of the events giving rise to this action occurred in [Ohio]" (Compl. ¶ 5, ECF No. 1), the Court finds that Ohio has virtually no connection to the contract dispute that underlies this

4

case. The original parties to the contract were a Connecticut corporation and a South Korean corporation. The contract was negotiated and executed in Connecticut. The allegedly breaching conduct occurred in Connecticut.[1] The party alleged to have breached the Agreement is a Connecticut corporation. Accordingly, Plaintiff's choice of forum commands less deference than it otherwise would under different circumstances.

Moreover, the choice-of-law provision contained in the Agreement provides at least some evidence that the parties intended to have a Connecticut Court resolve any disputes that might arise between them. Although not relevant to the breach of contract claim that is the subject of this lawsuit, the forum-selection clause contained in the Guaranty also suggests such an intent. *See Jumara*, 55 F.3d at 880 (noting that "a forum selection clause is treated as a manifestation of the parties' preference as to a convenient forum"). Though neither is dispositive on the question of the parties' intent, the Court concludes that the combined effect of the choice-of-law provision in the Agreement and the forum-selection clause in the Guaranty renders Plaintiff's choice of forum deserving of slightly less deference.[2]

The next factors, convenience of the parties and witnesses, either favor transfer or are neutral. It would convenience Defendant if this case were transferred to its home-state of

---

[1] Although Defendant shipped some of its products to Plaintiff in Ohio, none of those shipments is at issue here with respect to the alleged breach of the provision of the Agreement. Put another way, the shipments Defendant allegedly shipped to Kormax in South Korea that are purportedly in violation of the exclusivity provision of the Agreement form the basis of this lawsuit.

[2] The Court acknowledges Plaintiff's argument that it only consented to the *nonexclusive* jurisdiction of Connecticut in the Guaranty. (Pl.'s Op. 11, ECF No. 13.) Still, in attempting to divine the intent of the parties, the Court finds that consent to Connecticut's jurisdiction, nonexclusive or otherwise, indicates its willingness to submit to the jurisdiction of a Connecticut court.

Connecticut. Likewise, it would convenience Plaintiff if this case remained here in Ohio.

Defendant asserts that, "with the possible exception of Mr. Ou, all conceivable witnesses . . . will be located in either Connecticut or Asia." (Def.'s Mot. 9, ECF No. 7.) Plaintiff counters that "[t]here are an equal amount of witnesses within the [respective Districts]." (Pl.'s Op. 14, ECF No. 13.) Although neither party provides a list of potential witnesses and the substance of their expected testimony, *see Egrsco, LLC v. Evans Garment Restoration, LLC*, No. 09-cv-358, 2009 WL 3259423, at *6 (S.D. Ohio Oct. 8, 2009) (the parties "must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover") (citation omitted), the Court concludes that most, if not all, nonparty witnesses will be located in either Connecticut or Asia. Conceivable witnesses having personal knowledge of the alleged sale to Kormax include current or former employees of Defendant and Kormax. Any such witnesses will almost certainly be located in either Connecticut or Asia (or at least not in Ohio). Any custodians of records evidencing the alleged sales will likewise be located in Connecticut or Asia.[3] Conversely, nothing in the record suggests that nonparty witnesses might be located in Ohio. Therefore, the factors of party and witness convenience either favor transfer or are neutral.

    **ii.**     **Public Factors**

Connecticut has a greater interest than Ohio in resolving this dispute. The disputed Agreement was negotiated and executed in Connecticut. The allegedly-breaching conduct originated in Connecticut. The party alleged to have breached the contract is a Connecticut corporation. The original parties to the contract were a Connecticut corporation and a South

---

[3] The locations of records or books is also a neutral factor, insofar as neither party argues that the location of such evidence favors its position.

Korean corporation. *See Sky Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 293 (S.D. Ohio 2000) (transferring a contract dispute to another venue where a substantial part of the events giving rise to the alleged breach occurred in the tranferee district, including the contract negotiations and the conduct alleged to have constituted a breach); *Trustar Funding v. Mruczynski*, No. 09-cv-1747, 2010 WL 1539759, at *5 (N.D. Ohio Mar. 30, 2010) ("Courts making venue determinations in contract disputes have looked to such factors as where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.") (citation omitted); *Soprema, Inc. v. Beachside Roofing LLC*, No. 09-cv-558, 2010 WL 1132662, at *8 (N.D. Ohio Mar. 18, 2010) (finding transfer appropriate where the parties negotiated the disputed contract in Hawaii and the allegedly breaching conduct occurred in Hawaii). Indeed, the only interest Ohio might have in resolving this case is the fact that Plaintiff is an Ohio corporation. Still, Plaintiff was not an original party to the contract. Plaintiff only became a party after Mr. Ou ceased doing business with T/S Korea and began ordering products on behalf of Plaintiff instead.

The fact that Connecticut law controls further tips the scale in favor of transfer. While the parties debate whether the relevant term in the Agreement is a forum selection clause or merely a choice-of-law provision, it is undisputed that Connecticut law will control in this case. Indeed, the parties' recent briefing related to Defendant's pending Motion to Dismiss relies almost exclusively on Connecticut law. (ECF Nos. 14, 18, and 19.) "A diversity case should be decided by a court which is most conversant with the applicable state law." *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F.Supp. 1316, 1318 (S.D. Ohio 1991); *see also Exceptional Innovations, LLC v. Kontron America, Inc.*, (S.D. Ohio Oct. 11, 2007) ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the

state law that must govern the case . . . .) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)). The briefing related to Defendant's Motion to Dismiss demonstrates the significant role Connecticut law will play in this case. Moreover, Plaintiff's has brought five separate causes of action, each of which will require the Court to apply Connecticut law at all stages of the litigation, from the Motion to Dismiss that is currently pending to a jury trial and possibly beyond. The District of Connecticut is more familiar with Connecticut law, and is thus in a better position to apply it and all of its nuances to Plaintiff's numerous claims.

The remaining public factors apply neutrally. Neither party argues that the enforceability of the judgment, practical considerations, or public policies favor its respective position.

Accordingly, the balance of factors weighs in favor of transferring this case to the District of Connecticut. The only factor militating against transfer is Plaintiff's choice of forum. As discussed above, however, Plaintiff's choice carries less weight here because the facts giving rise to this lawsuit occurred elsewhere. Moreover, the choice-of-law and forum-selection provisions contained in the Agreement and the Guaranty suggest that the parties intended to have Connecticut courts resolve any disputes that might arise between them. The remaining relevant factors, including the convenience of the parties, Connecticut's greater interest in resolving this dispute, and the choice-of-law provision, all favor transfer. Therefore, Defendant's Motion to Transfer Venue is **GRANTED**. (ECF No. 7.)

**IT IS SO ORDERED.**

Date: September 21, 2012         /s/ *Elizabeth P. Deavers*
                                 Elizabeth P. Deavers
                                 United States Magistrate Judge